UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>          Plaintiff,<br><br>    v.<br><br>JACK M. TRUDE,<br><br>          Defendant. | Case No.  6:25-mj-00039-HBK<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 10)<br><br>ORDER REVOKING RULE 43 WAIVER AND SCHEDULING ARRAIGNMENT ON SECOND SUPERSEDING INFORMATION |

On December 23, 2025, defendant filed a motion to dismiss count one of the Information. (Doc. 10).  The government filed a response in opposition to the motion and defendant filed a reply.  (Docs. 12, 13).  For the reasons set forth below, the Court denies defendant's motion to dismiss.

BACKGROUND

On March 15, 2025, defendant was issued a mandatory appearance for Violation Notice E2069438 for an alleged violation of 36 C.F.R. § 2.33(b), a Class B misdemeanor and petty offense.[1]  (Doc. 1).  The charge arises from an alleged dog-bite incident that occurred on February 15, 2025, involving a victim who subsequently incurred medical bills for his rabies treatment regimen.  (Docs. 1-3).  At defendant's initial appearance and arraignment held on September 9,

---

[1] Federal Class B misdemeanors are typically initiated via a Violation Notice, but may be charged by Criminal Complaint or Information.  Fed R. Crim P. 58.(b)(1).

2025, the government confirmed that it was not seeking any jail time in connection with the offense if defendant was convicted, but was seeking restitution for the victim.  (Doc. No. 6). Defendant entered a not guilty plea.  (*Id*.).

On October 1, 2025, the government charged defendant by Information for the same offense: 36 C.F.R. § 233(b)- Failure to report an incident resulting in personal injury or property damages exceeding $300.  (Doc. 7).   The government avers that:

> Defendant herein, on or about February 15, 2025, within the boundaries of Yosemite National Park, in the State and Eastern District of California, did fail to report an incident resulting in personal injury in violation of Title 36 Code of Federal Regulations 2.33(b).

(*Id*.).  Defendant moves to dismiss the Information under Federal Rule of Criminal Procedure 12(b)(3) on the basis that the charging document is defective and fails to state a claim.  (Doc. 10 at 3).  Specifically, defendant maintains the Information omitted the necessary mens rea element. (*Id.* at 4-5).  Defendant additionally argues the government exceeded its authority by issuing a mandatory appearance citation for an offense that is deemed a $150 bailable offense under General Order No. 627.  (*Id.* at 7).

On January 7, 2026, the government filed a Second Superseding Information charging defendant with the same offense: 36 C.F.R. § 233(b)—Failure to report an incident resulting in personal injury or property damages exceeding $300.  (Doc. 11).  The government avers that:

> Defendant herein, on or about February 15, 2025, within the boundaries of Yosemite National Park, in the State and Eastern District of California, having knowingly been involved in an incident resulting in personal injury, to wit: a dog bite, did fail to report the aforementioned incident to the park Superintendent in violation of Title 36 Code of Federal Regulations 2.33(b).

(*Id*.).  In its opposition, the government argues the Second Superseding Information that now includes "knowingly" moots defendant's motion because "[t]he updated charging document cures any potential defects raised by the defendant's motion to dismiss."  (Doc. 12 at 2).  Further, the government maintains General Order No. 627 provides that a mandatory appearance may be required at the discretion of the officer for certain exceptions, including when the incident involved "threat to the safety and welfare of others."  (*Id.*).  Further, the government points to its

2

mandate under 18 U.S.C. § 3771, the Crime Victims' Rights Act to provide for full restitution to the victim under § 3771(a).

In reply, defendant maintains the Second Superseding Information remains deficient. (Doc. 12 at 1-2). Defendant argues it remains unclear whether "knowingly" applies to each element of the offense:

> More specifically, it is unclear whether the government interprets the mens rea as only requiring that a person has "knowingly been involved in an incident[,]" "knowingly been involved in an incident resulting in personal injury," or knowingly failing to report an incident resulting in personal injury or property damage exceeding $300 as phrased under count one of the most recent Information specifically the $300 damage threshold.

(Doc. 13 at 2). Defendant further argues that allowing the government to bypass bailable fines based on "victim rights" grants the executive branch boundless power to ignore court-ordered fee schedules. (*Id.* at 3).

APPLICABLE LAW AND ANALYSIS

I.    Federal Rules of Criminal Procedure

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. Proc. 12(b)(1). Rule 12(b)(3) specifies which motions must be made before trial and includes a motion to dismiss for failure to state an offense. Defendant's challenge to the charging document for its failure to state a claim is brought under Rule 12(b)(3)(B)(v). A motion to dismiss is generally capable of determination if it "involves questions of law rather than fact." *United States v. Kelly*, 874 F.3d 1037, 1046 (9th Cir. 2017). In ruling on a pre-trial motion to dismiss for failure to state an offense, a court is bound by the four corners of the charging document. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

The Constitution provides those accused of a crime the right "to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI. To that end, an information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" to be valid. Fed. R. Crim. Proc. 7(c). In considering the sufficiency of a charging document, the Supreme Court identified two constitutional conditions: "first, [that it] contains the

3

elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

II.    Mootness

The government argues the Second Superseding Information moots defendant's motion to dismiss.  Unquestionably, the superseding charging document supplants the earlier charging document and becomes the only charging document in force.  However, the superseding document does not automatically moot the pretrial motion.  Instead, courts apply the material alteration test in examining whether a pretrial motion remains viable after a superseding charging document is filed.  The test examines whether the government has made substantial changes that would render the original motion inapplicable.  *U.S. v. Goff*, 187 Fed. Appx. 486 (6th Cir. 2006). Courts examine the substantive allegations, the legal theories underlying the charges, and the basis for the motion to determine if the same legal issues remain present in the superseding document.

Here, the Second Superseding Information, charged the same offense, but included the challenged mens rea element.  Nonetheless, the court finds the motion to dismiss is not rendered moot because the motion still presents a live controversy as it challenges the scope and nature of the offense and authority of the government to change the offense by way of a mandatory appearance. *See United States v. Jones*, 704 F.Supp.3d 1279 (S.D. Ala. 2023).

III.    Sufficiency of Second Superseding Information

A violation of 36 CFR section 2.33(b) has three essential elements: (1) a reportable incident occurred personal injury or property damage exceeding $300, (2) the defendant was involved in the incident, and (3) the defendant failed to report the incident to the superintendent as required.  First, the regulation requires a specific injury or a monetary threshold that distinguishes reportable incidents from minor occurrences.  Second, although "involved in" is not defined, the plain language requires a personal connection between the underlying incident and the defendant to trigger the reporting requirement.  In other words, merely witnessing the incident

4

does not trigger the reporting requirement.  Finally, there must be an obligation to report coupled with the defendant's failure to report to the superintendent.

Interpreting a regulation begins with the plain language of the text.  *United States v. Bucher*, 375 F.3d 929, 932 (9th Cir. 2004).  The Court's reading of the regulation is guided by the "rule of the last antecedent."  The Supreme Court has long applied this rule to interpret statutes that include a list of terms followed by a limiting clause.  *Lockhart v. United States*, 577 U.S. 347, 351 (2016).  The rule of the last antecedent provides that "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows."  *United States v. Paulson*, 68 F.4th 528, 537 (9th Cir. 2023) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)).  This canon presumes that "qualifying words or phrases modify the words or phrases immediately preceding them and not words or phrases more remote."  *Id.*

Applying the Rule of the Last Antecedent, the phrase "exceeding $300" modifies only "property damage," the noun immediately preceding it.  The absence of a comma between "property damage" and "exceeding $300" indicates that the dollar threshold does not apply to personal injury.  *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 403-04 (2021) (contrasting the series-qualifier canon by noting that a comma is typically used to bridge a modifier to all earlier terms in a series); *see also United States v. Rosenbohm*, 564 F.3d 1153, 1156 (9th Cir. 2009).  Because the Second Superseding Information alleges a "personal injury," a dog-bite, the $300 threshold is not an element of the charged offense.  Therefore, the government is not required to allege medical costs exceeded $300 to establish a violation.  *See Rosenbohm*, 564 F.3d at 1156.  Here, the regulation contains no express mens rea requirement.  Despite the regulation's absence of a mental state requirement, federal law would likely read an implied mens rea element into the offense.  When interpreting criminal statutes, federal courts start from a "longstanding presumption . . . that Congress intends to require a defendant to possess a culpable mental state."  *Rehaif v. United States*, 588 U.S. 225, 228–29 (2019) (noting that the "presumption in favor of scienter" applies even where a statute does not explicitly specify a mental state).  This "scienter" refers to the "degree of knowledge necessary to make a person criminally responsible for his or her acts."  *Ruan v. United States*, 597 U.S. 450, 458 (2022) (internal citations omitted).  Where a

5

statute is silent, the Court reads in the mens rea necessary to separate wrongful conduct from "otherwise innocent conduct." *Id.*; *see also Staples v. U.S.*, 511 U.S. 600 (1994) ("[S]ilence" on the mens rea element "does not necessarily suggest that Congress intended to dispense with a conventional mens rea element" and that "some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime"); *U.S. v. Sheehan*, 512 F.3d 621 (2008) (in considering National Park Service regulations and holding that federal courts must "presum[e] that criminal statutes and regulations contain a mens rea element unless otherwise clearly intimated in the language or legislative history"). This is consistent with 18 U.S.C. § 1865, which reflects Congress' awareness of how to impose strict liability in a statute. *Compare* 18 U.S.C. §§ 1865(a) and (d) with (b) and (c). The presumption in favor of scienter requires a court to read into a statute only that mens rea which is necessary to separate wrongful conduct from "otherwise innocent conduct." *Carter v. United States*, 530 U.S. 255, 268 (2000).

Defendant argues that the Second Superseding Information is unclear because defendant cannot discern to what knowingly refers. The Court disagrees. The plain language of the Second Superseding Information alleges that defendant knew he was involved in an incident causing personal injury—he knew the dog bit someone. *See United States v. Howard*, 947 F.3d 936, 944 (6th Cir. 2020) ("a reasonable reading of the indictment's text in its entirety . . . leads one to infer that the words modify all parts of the charge").

Defendant does not suggest, and the Court does not read the regulation as applying knowingly to the reporting requirement. Indeed, the Supreme Court has clarified that "'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law." *Bryan v. United States*, 524 U.S. 184, 192 (1998) (distinguishing "knowingly" from "willfully," the latter of which requires knowledge of legal duties). Rather, it requires "factual knowledge as distinguished from knowledge of the law." *Id.* at 193. Thus, the term "knowingly" merely requires proof of knowledge of the facts that constitute the offense. *Id.* (holding that the term "knowingly" requires only that the defendant know the facts that make his conduct illegal, not that he be aware of the law itself). This is consistent with the maxim that "ignorance of the law is no excuse." *Bryan v. United States*, 524 U.S. 184, 195 (1998). *See also United States v.*

*Weitzenhoff*, 35 F.3d 1275, 1284 (9th Cir. 1993) (holding that the government only needs to prove defendants knew they were discharging a pollutant, not that they knew they were violating the terms of a permit).  Additionally, strict liability for the reporting requirement coincides with the regulatory nature of park management and the government's interest in protecting public safety and natural resources.  Thus, here the government must prove the defendant had factual knowledge of and involvement in an incident involving a personal injury; it is not required to prove legal knowledge of the specific C.F.R. section.  *See United States v. Bratton*, No. 1:24-PO-00188-SAB, 2025 WL 3247441, at \*13 (E.D. Cal. Nov. 20, 2025) (finding that while the regulation was silent as to mens rea, the Government was required to prove the defendant acted "knowingly," meaning he had factual knowledge of the conduct rather than knowledge that the conduct was illegal).

Based on the foregoing, the court finds the Second Superseding Information sufficiently alleges the essential elements of the regulations: (1) defendant knowingly had been involved in an incident (2) and knew the incident resulted in personal injury: a dog bite, and (3) failed to report the aforementioned incident to the park Superintendent which "sufficiently and fairly informs [d]efendant of the charge against which he must defend and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *United States v. Tatshama*, No. 2:20-CR-0064-TOR, 2020 WL 6533212, at \*5 (E.D. Wash. Nov. 5, 2020).

IV.    Mandatory Appearance

Federal Rule of Criminal Procedure 58(d)(1) permits the payment of a fixed sum in lieu of appearance, but this is a procedural convenience rather than an absolute right.  The rule provides that "[i]f the court has a local rule governing forfeiture of collateral, the court **may** accept a fixed-sum payment in lieu of the defendant's appearance and end the case."  Fed. R. Crim. Proc. 58(d)(1) (emphasis added).  The use of the word "may" confers discretion upon the court and the charging authorities to determine if a specific case warrants a mandatory appearance.  *See Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005) ("The word 'may' customarily connotes discretion.").

In this District, General Order No. 627 governs forfeiture of collateral.  It explicitly states

7

that "[u]nless this schedule or the charging document makes the appearance mandatory, all other offenses are eligible for collateral to be posted."  E.D. Cal. Gen. Order 627 (Dec. 3, 2020) (emphasis added).  In pertinent part, the General Order further provides specific exceptions where a mandatory appearance may be required "at the discretion of the citing officer" when: (1) the commission of the offense involved loss or damage to the property of the United States or another; or (2) the commission of the offense involved a threat to the safety and/or welfare of others.  *Id.*  Moreover, the Executive Branch has broad discretion in the initiation and conduct of criminal prosecutions.  *See United States v. Banuelos-Rodriguez*, 215 F.3d 969, 974 (9th Cir. 2003); *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996) (affirming that the government has the discretion to choose between various charging paths and procedural avenues).

In this matter, although the regulation is eligible for collateral, the officer exercised his discretion and issued the Violation Notice to require a mandatory appearance.  (Doc. 1).  The probable cause statement alleges the incident involved a dog being walked by defendant who had bitten another person (V1).  Additionally, defendant "informed" V1 "about the Yosemite clinic." (Doc. 1-3).  Thus, the probable cause statement falls squarely within an exception for the citing officer to exercise his discretion under General Order No. 627.  *See also United States v. Banuelos-Rodriguez*, 215 F.3d 969, 974 (9th Cir. 2003).  Furthermore, it was noted by the government at defendant's initial appearance and arraignment that restitution would likely be sought in this matter consistent with the Crime Vicitim's Act.  18 U.S.C. § 3771(a).  Therefore, it was in the citing officer's authority under this Court's local rules and pursuant to federal precedent to require a mandatory appearance for a bailable offense under the circumstances of this case.

Furthermore, defendant made an appearance and entered a not guilty plea.  Thus, payment *in lieu of the defendant's appearance* is not an option at this stage of the proceedings.  Fed. R. Crim. Proc. 58(d).

Accordingly, it is ORDERED:

1.  Defendant's motion to dismiss (Doc. 10) is DENIED.

2.  The Court revokes defendant's Rule 43 waiver and sets this case for an arraignment on

8

the Second Superseding Information for March 10, 2026 at 1:00 p.m.

3. The defendant and government should be prepared to identify a mutually agreeable May 2026 trial date.


Dated:    February 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE